## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

      Plaintiff,

      v.                          CASE NO.  18-3005-SAC

DAN SCHNURR, et al.,

      Defendants.

### O R D E R

Plaintiff, Anthony Leroy Davis, is a state prisoner housed at Hutchinson Correctional Facility.  Plaintiff filed this §1983 action against Dan Schnurr, Warden of Hutchinson Correctional Facility, and Reno County, Kansas, alleging racial discrimination on the part of Kansas state courts for refusing to allow him to file additional cases when he has not paid the docket fee he owes and claiming the "three-strikes" provision under 28 U.S.C. § 1915(g) is unconstitutional.

The Court entered an Order (Doc. 7) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury.  The Court also granted Plaintiff until April 6, 2018, to submit the $400.00 filing fee.  The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 7, at 2.)  Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x

764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed without Plaintiff paying the filing fee as ordered by the Court. Plaintiff did file a response (Doc. 8) in which he argues application of the three-strikes provision "would unconstitutionally deprive him of his right to access to the courts." Doc. 8, at 1. The Tenth Circuit has previously rejected just such a challenge. *See White v. State of Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

Plaintiff also filed a motion for default judgment (Doc. 9), a motion to appoint counsel (Doc. 10), another motion for leave to proceed *in forma pauperis* (Doc. 11), and a motion for pretrial conference (Doc. 12). All of these motions are denied as moot.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Doc. 9), motion to appoint counsel (Doc. 10), motion for leave to proceed in forma pauperis (Doc. 11), and motion for pretrial conference (Doc. 12) are **denied**.

**IT IS SO ORDERED**.

**Dated on this 25th day of April, 2018, in Topeka, Kansas.**


                          **s/  Sam A. Crow_____**
                          **SAM A. CROW**
                          **U. S. Senior District Judge**